**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

JAMES LEON OWEN, JR.                                                                                     PLAINTIFF

V.                                          NO: 2:12CV00220 BSM/HDY

USA *et al.*                                                                                                     DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

  The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

  If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

  1.  Why the record made before the Magistrate Judge is inadequate.

  2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

  3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

>   proof, and a copy, or the original, of any documentary or
>   other non-testimonial evidence desired to be introduced at
>   the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff James Leon Owen, Jr., a former inmate at the Federal Correctional Institution in Forrest City, filed a *pro se* complaint on November 6, 2012, alleging that he has been denied adequate medical care for a lump on his neck, hernia, and stomach problems. Pursuant to an order entered by Chief United States District Judge Brian S. Miller, Plaintiff is pursuing only a Federal Tort Claims Act ("FTCA") action against the USA. Defendant filed a motion for summary judgment, a brief in support, and a statement of facts, on November 22, 2013 (docket entries #55-#57). Although Plaintiff has been granted additional time to respond (docket entry #58), he has not responded.

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the

nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

Defendant asserts that Plaintiff's FTCA claim must be dismissed because he has provided no expert testimony to support his assertion that the medical care he received was inadequate. The FTCA provides a limited waiver of sovereign immunity, allowing the United States to be held liable for torts committed by an employee, under circumstances where a private person would be liable in accordance with the law of the place where the act occurred. *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008). Defendant's exhibits demonstrate that Plaintiff received extensive medical treatment for various conditions when he was incarcerated, including hernia repairs, excision of a mass from his neck, and diagnostic testing (docket entry #55-3, pages #46-#47; #59-#60; & #64). The Arkansas Supreme Court has held that expert testimony is needed "when the standard of care is not within the jury's common knowledge, and when an expert is needed to help the jury decide the issue of negligence." *Robbins v. Johnson*, 367 Ark. 506, 512 (1991). *See also Broussard v. St. Edward Mercy Health System, Inc.*, 2012 Ark. 14 at *5 (2012) (expert testimony was necessary when issues in case were not within the jury's comprehension as a matter of common knowledge). In light of the extensive medical treatment Plaintiff received while he was incarcerated, he will be

unable to establish negligence before the fact finder without expert testimony.[1] Because Plaintiff has not provided expert testimony to support his claims, Defendant is entitled to summary judgment.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's motion for summary judgment (docket entry #55) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  30  day of December, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Not only has Plaintiff failed to offer expert testimony in response to Defendant's motion, his proposed witness lest for the hearing which was scheduled for January 7, 2014, includes no expert witnesses (docket entry #50).